

DA 12-0384

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 64N

IN THE MATTER OF THE WAGE CLAIM OF
CHARLOTTE C. EASON, Claimant.

M. DAVIDENE TAIT d/b/a TRIPLE CROWN
MOTOR INN,

        Petitioner and Appellant,

   v.

STATE OF MONTANA, COMMISSIONER OF THE
DEPARTMENT OF LABOR AND INDUSTRY,
EMPLOYMENT RELATIONS DIVISION,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and For the County of Cascade, Cause No. DDV-09-921
                    Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Mary Davidene Tait (Self-Represented), Great Falls, Montana

       For Appellee Eason:

              Joseph Hardgrave, D. Michael Eakin, Montana Legal Services
              Association, Billings, Montana

       For Appellee Department of Labor and Industry:

              Joseph Nevin, Special Assistant Attorney General, Helena, Montana

Submitted on Briefs:  January 16, 2013

Decided:   March 12, 2013

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Mary Davidene Tait (Tait) appeals from the order entered in this matter by the Eighth Judicial District Court on April 27, 2012. The District Court affirmed the Hearing Officer's dismissal of Tait's administrative appeal of a wage claim determination entered against her by the Wage and Hour Unit of the Department of Labor. The wage claim determination was entered in favor of Appellee Charlotte C. Eason (Eason). Eason and the Department of Labor (Department) have filed briefs in opposition to Tait's appeal.

¶3 Eason filed a claim for wages with the Department in December 2008, naming Tait as her employer. Eason was employed as a housekeeper and worked at the Triple Crown Motor Inn in Great Falls. The Department's Wage and Hour Unit sent a letter to Tait requesting a response to the claim. Tait requested additional time to respond, which was granted. On January 2, 2009, the Wage and Hour Unit, noting that Tait had failed to respond by the extended deadline, issued a Determination finding that Tait owed Eason $869.85 in wages and a penalty in the amount of $956.84. The Determination notified the parties of their appeal rights.

¶4 On January 26, 2009, a default order was issued stating that neither party had appealed from the Determination. Tait contested the default order, and it was set aside by

3

the Department. Additional information was received from both parties. The Wage and Hour Unit then issued a Redetermination on March 19, 2009, finding that Tait owed Eason the adjusted amounts of $741.13 in wages and $430.24 in penalties. Tait appealed the Redetermination and the case was transferred from the Wage and Hour Unit to the Department's Hearings Bureau. The appointed Hearing Officer conducted a scheduling conference with the parties, setting dates for submission of contentions, lists of witnesses and exhibits, and stipulated facts; for a prehearing conference; and for an in-person hearing. The scheduling order stated that "[a] party's failure to appear for any conference, and/or failure to obey orders issued by the Hearing Officer, may result in . . . dismissal of the appeal."

¶5 Tait did not submit contentions or exhibit and witness lists. She was not available by telephone at the time scheduled for the pre-trial conference. A message was left with the hotel staff at Tait's listed place of employment for Tait to contact the Hearings Bureau so that the conference could be reconvened. Tait did not contact the Hearings Bureau that day. She did not further advise the Hearings Bureau of her intentions. On August 7, 2009, the Hearing Officer issued an order dismissing Tait's appeal and declaring that the Redetermination was final.

¶6 Tait filed a petition for judicial review before the District Court. After briefing by the parties, the District Court entered an order affirming the Hearing Officer's dismissal of Tait's administrative appeal. The District Court concluded that Tait had "made no showing by affidavit, citation to legal authority, or other legal or credible means that the agency findings of fact and conclusions of law underlying the 03-19-09 wage claim

4

Redetermination or the subsequent MDOL Dismissal Order are erroneous as a matter of fact or law under the applicable standard of review for district court review of final agency decisions under § 2-4-702, MCA." The District Court further held that Tait had failed to make any credible showing "that the interests of justice warrant excuse of her blatant failure to timely participate in and exhaust her administrative remedy for appeal of the 3-19-09 MDOL Redetermination." Tait made an unsubstantiated claim that she was available for the pre-hearing conference but an error by the hotel's front desk kept her from participating. The District Court reasoned that, even if this explanation was taken as true, it did not explain Tait's further failure to participate. As to Tait's argument that Eason's actual employer was a non-party corporate entity, the District Court reasoned that Tait had failed to make a "factual showing . . . of new evidence discovered upon reasonable diligence to warrant reversal and remand or a supplementary evidentiary proceeding on judicial review."

¶7 On appeal from the District Court's order, Tait asserts that she is only an employee of Triple Crown Inn and has no ownership interest. She insinuates that Triple Crown Inn is the party responsible for the wage claim, but further asserts that the ownership of Triple Crown Inn has been long disputed and that the real property has been foreclosed upon in other legal proceedings. She argues the case has been mooted because any corporate owner has ceased to exist. Tait states that she forwarded Eason's wage claim to a principal or former principal of Triple Crown Inn and requested documentation to defend the claim, but none was provided to her, arguing "it was and is virtually

5

impossible to mount a credible defense against Eason's spurious claim without any records!" She also argues that the wage claim is fraudulent.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted. Tait's arguments regarding the party properly responsible for the wage claim do not demonstrate error by the District Court in concluding that Tait had failed to pursue and exhaust the administrative remedies available to raise and prove these issues.

¶9     Affirmed.

/S/ JIM RICE


We Concur:


/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON